UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO ZAVALA ODANGA, Booking #17113332,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DEPUTY EMMENS, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 18-CV-778 JLS (BGS)<br><br>**ORDER: (1) DISMISSING CIVIL ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A; AND (2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT** |

Alfredo Zavala Odanga ("Plaintiff"), currently detained at San Diego Central Jail ("SDCJ") and proceeding *pro se*, has filed an action entitled "Defendants Answer to Complaint." ("Compl.," ECF No. 1.) Plaintiff has not prepaid the $400 filing fee required to commence civil action pursuant to 28 U.S.C. § 1914(a), instead has he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 2.)

**I.　Screening of Complaint pursuant to 28 U.S.C. § 1915A**

The Court may sua sponte screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A because at the time of filing Plaintiff was, and remains, "incarcerated or detained in any facility [because he] is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." *Olivas v. Nev. ex rel. Dept. of Corr*., 856 F.3d

1281, 1284 (9th Cir. 2017) (citing 28 U.S.C. §§ 1915(h), 1915A(c); 42 U.S.C. § 1997e(h)).

Section 1915A "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g.*, *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas*, 856 F.3d at 1283 (quoting 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

A pleading is "factual[ly] frivolous[]" if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25–26 (1992). Section 1915 gives courts "the unusual power to pierce the veil" of a Complaint like Plaintiff's and to "dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton*, 504 U.S. at 32–33 (quoting *Neitzke*, 490 U.S. at 325, 327–28).

Plaintiff invokes no clear arguable legal basis for his suit, and some of his factual allegations are plainly frivolous. *Id.*; *see also O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) ("An in forma pauperis complaint is frivolous if it has no arguable basis in fact or law." (citation and internal quotation marks omitted)). A majority of Plaintiff's claims are difficult to decipher but he appears to allege that San Diego County Sheriff Department Deputies were "kidnapping pretty homeless white girls in Lakeside" in 2016. (Compl. 2.)

The majority of Plaintiff's claims are so disjointed that it is extremely difficult to discern the nature of his claims.

While conclusory, disjointed, and incoherent, a majority of Plaintiff's factual allegations appear to be grounded in delusion, are facially irrational, and wholly incredible. Therefore, his Complaint demands sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1). *See Denton*, 504 U.S. at 25–26; *Neitzke*, 490 U.S. at 324.

**III. Conclusion and Order**

For the reasons discussed, the Court:

1) **DISMISSES** this civil action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1);

2) **DENIES** Plaintiff's Motion to Proceed IFP as moot, (ECF No. 2);

3) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4) **DIRECTS** the Clerk of the Court to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: May 18, 2018

Hon. Janis L. Sammartino
United States District Judge